[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 7, 2006
THOMAS K. KAHN
CLERK

No. 05-14023
Non-Argument Calendar

_____

D. C. Docket No. 05-00006-CR-OC-10-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES WILLARD PRESCOTT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 7, 2006)**

Before BIRCH, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

James Willard Prescott appeals his conviction for two counts of selling a firearm to a felon, in violation of 18 U.S.C. §§ 922(d)(1) and 924(a)(2). Because the evidence presented at trial was sufficient for a jury to find that Prescott knew or had reasonable cause to believe that he sold firearms to a convicted felon, we AFFIRM his conviction.

## I. BACKGROUND

A federal grand jury indicted Prescott on two counts of selling a firearm to a felon, in violation of 18 U.S.C. §§ 922(d)(1) and 924(a)(2). The indictment alleged that Prescott "willfully and knowingly sold and disposed of a firearm . . . to a person who had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowing and having reasonable cause to believe that the purchaser of said firearm was a person who had been convicted of a crime punishable by imprisonment for a term exceeding one year." R1-1 at 1, 2.

At trial, Michael Cleary testified that he had assisted the Bureau of Alcohol, Tobacco, and Firearms ("ATF") with its investigation of Prescott at Renninger's Flea Market in Mount Dora, Lake County, Florida in the spring of 2003. R2 at 73, 89. Cleary had agreed to assist the ATF with undercover investigations because of a federal conviction for felony possession of a firearm. See id. at 70-71. Cleary also had a previous Connecticut state conviction for robbery. Cleary was outfitted

2

with a recording device and instructed to attempt to purchase a firearm from Prescott after stating that he was a convicted felon. See id. at 74. Cleary purchased two handguns from Prescott at the flea market with money supplied by the ATF: (1) a Manurhin 9-millimeter, model P1 semi-automatic pistol; and (2) a Taurus .45 caliber Millennium semi-automatic pistol. Both transactions were audiotaped and transcribed, and the transcripts were admitted into evidence.

According to the transcript from the first transaction, Cleary inquired:

Cleary: So like there is no background check or nothing like that, I got a felony from 15 years ago from out of state.
Prescott: Well, if you go to a dealer here in the state they have the background check
Cleary: We are not doing that today
Prescott: No
Cleary: Cash and carry?
Prescott: They fill out a registration form and all that, as far as registration in the state of Florida, we don't really have that.
Cleary: Yeah, my wife usually buys them for me. I am like here honey go pick that one up. She picks them up.

Exh. Folder 1, exh. 8 at unnumbered 2. Cleary testified that his statement that he had a prior felony conviction did not "seem to phase" Prescott. R2 at 78. Cleary further testified that Prescott was responsive and never indicated that he had trouble hearing him during their conversation. Id. at 86-87.

According to the transcript from the second transaction several weeks later, Cleary inquired:

Cleary: Same deal as last time no paperwork none of that stuff.
Prescott: No

. . .

Cleary: I guess I will go ahead and take that.
Prescott: Okay, and a box of shells, and

. . .

Agent Perala: Your wife has been getting you [ammunition] off the Internet, right?
Cleary: Yeah, oh yeah my wife has been buying it, off cause I can't buy the bullets, but she ah, she just sends her license in and they just mail them right to the house
Prescott: Let me get you a bag for that stuff.
Cleary: You don't need to see my license, no paperwork like you said last time. I got that felony thing from eighteen years ago or whatever, that was from a different state.
Prescott: I seen your license (unintelligible)
Cleary: What's that?
Prescott: I said I seen your license, I don't really need that.

Exh. Folder 1, exh. 9 at 6-7. Cleary again testified that his statement that he had a prior felony conviction "didn't seem to phase [Prescott]." R2 at 94.

On cross-examination, Cleary noted that, at the time of the transactions, the flea market was fairly crowded and there were other people looking at the firearms in Prescott's booth. Id. at 100-01. He testified that at no time during their conversation did Prescott indicate that he could not hear Cleary. Id. at 101. Cleary conceded that, at the time he made his purchases, it was possible that Prescott could have been carrying on multiple conversations with other customers. Id. at 105. Nevertheless, he asserted that he had said that he was a convicted felon "loud

4

enough where [Prescott] could hear [him]." Id. at 107. He also noted, however, that Prescott did not specifically acknowledge that he heard him state that he was a convicted felon. Id. at 108. Cleary testified that he could not be certain that Prescott heard him say that he was a convicted felon, but he "did the best [he] could" to make sure that Prescott would hear him. Id. at 116.

ATF Agent Scott Perala, who had also been present during both exchanges between Cleary and Prescott, corroborated Cleary's testimony. See R3 at 128-35, 140-42. He noted that Prescott's answers to Cleary's questions were "responsive," and that Prescott "was very matter of fact, very just essentially wasn't phased by" Cleary's statement that he had a prior felony conviction. Id. at 132-33, 134. On cross-examination, Agent Perala testified that he had been involved with the preparation of the transcripts of the audiotapes recording the undercover visits to the flea market. Id. at 146. He conceded that Cleary never used the exact words "convicted felon" in his conversations with Prescott. Id. at 147. He also acknowledged that Prescott did not precisely verbally acknowledge that he was aware that Cleary was a convicted felon. Id. at 150. Agent Perala further testified that Prescott gave an immediate response, without hesitation, following Cleary's statements that he had a prior felony conviction. Id. at 157.

5

At the close of the government's evidence, Prescott moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29. The district court denied the motion. Prescott then testified in his own defense. He first explained that he was retired and that he regularly sold guns at the flea market. Id. at 181-82. He asserted that he had problems with high frequency hearing loss, and stated that "anytime I get in a noisy area, I can't hear nothing." Id. at 183. He described the flea market as having "modern or average noise . . . crowd noise . . . but it's not extremely noisy." Id. Prescott testified that after reviewing the audiotape and the videotape, he recalled meeting Cleary, but that he "never heard that [Cleary had a felony from out of state] at any time." Id. at 186. He did not recall whether he had any difficulty hearing or understanding Cleary during their conversation. Id. at 187.

On cross-examination, Prescott testified that he has difficulty hearing a conversation "in a crowded room if everybody [is] talking." Id. at 189. Prescott explained that, during the first exchange, it was possible that he had only heard the first part of Cleary's question regarding a background check, but not the part in which Cleary indicated he had a prior felony conviction. Id. at 192. Prescott asserted that he was not aware that Cleary had told him that he was a convicted felon, pointing out that "[h]e never did say he was a convicted felon." Id. at 193.

6

Prescott admitted that, during the second exchange, when Cleary asked if Prescott needed to see his license because of the "felony thing from 18 years ago," Prescott had responded that he had already seen Cleary's license. Id. at 194. Prescott further testified that he heard Cleary ask about his license, but that he did not hear him say that he had a "felony thing from 18 years ago." Id. Prescott admitted that he was aware that a convicted felon could not possess a handgun. Id.

Prescott renewed his motion for judgment of acquittal, and the district court denied it. The jury found Prescott guilty of both counts. The district court sentenced Prescott to fifteen months in prison and two years supervised release. Prescott filed a timely notice of appeal.[1] On appeal, Prescott argues that the government failed to introduce substantial evidence to show that he had knowledge of the confidential informant's felony status, and thus, failed to provide evidence sufficient to sustain his conviction. Specifically, Prescott avers that he did not exhibit any signs that he heard the informant's statements about his felony status and that the government failed to rebut his claim that he suffers from high frequency hearing loss.

---

[1]Prescott's trial counsel filed a brief and motion to withdraw as counsel pursuant to Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967). We denied counsel's motion without prejudice in the ground that his brief failed to meet the Anders requirements and that the record on appeal was incomplete. We further ordered counsel to provide a transcript of the voir dire proceedings to complete the record, and either to renew his Anders motion or file a merits brief. Counsel later filed a merits brief and withdrew his Anders motion.

## II. DISCUSSION

"We review <u>de novo</u> whether there is sufficient evidence to support the jury's verdict." <u>United States v. Ortiz</u>, 318 F.3d 1030, 1036 (11th Cir. 2003) (per curiam). We will affirm the jury's verdict "if a reasonable trier of fact could conclude that the evidence establishes guilt beyond a reasonable doubt." <u>Id</u>. (citation omitted). In so determining the sufficiency of evidence, "[w]e view the evidence in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor." <u>Id</u>. (citation omitted).

Federal law provides that "[i]t shall be unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person . . . is under indictment for, or has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(d)(1). To establish a violation under this section, the government must prove "beyond a reasonable doubt (1) that [the defendant] sold a firearm; (2) that the purchaser . . . was a convicted felon; and (3) that [the defendant] knew or had reasonable cause to believe that [the purchaser] had a prior felony conviction." <u>See</u> <u>United States v. Peters</u>, 403 F.3d 1263, 1268 (11th Cir. 2005). "[T]o have reasonable cause to believe that someone is a

8

convicted felon means to have knowledge of facts which, although not amounting to direct knowledge, would cause a reasonable person, knowing the same things, reasonably to conclude that the other person was a convicted felon." Id. at 1269.

When a defendant chooses to testify, we have held that "a statement by a defendant, if disbelieved by the jury, may be considered as substantive evidence of the defendant's guilt. . . . To be more specific . . . when a defendant chooses to testify, he runs the risk that if disbelieved the jury might conclude the opposite of his testimony is true." United States v. Brown, 53 F.3d 312, 314 (11th Cir. 1995) (quotation omitted).

In this case, the record establishes that Prescott sold two handguns to Cleary, a convicted felon. The handguns were sold in separate transactions, both of which were recorded on video and audio tape. The transcripts from the recordings indicate that during each transaction, Cleary stated that he had been convicted of a felony in another state and he expressed concern regarding a background check. The recordings show that Prescott was responsive to Cleary's questions. Further, Prescott did not indicate that he had difficulty hearing or understanding Cleary's statement regarding his prior felony conviction. These facts support a finding that Prescott knew or had reasonable cause to believe that Cleary was a convicted felon.

9

Although Prescott denied having heard Cleary's statement due to high frequency hearing loss, he did not provide any evidence to establish that he suffered from such a hearing loss. Further, although Prescott testified that he did hear the relevant portion of Cleary's statements, a jury is entitled to disbelieve him. See Brown, 53 F.3d at 314. Accordingly, viewing the evidence in the light most favorable to the government, we conclude that "a reasonable trier of fact could conclude that the evidence establishes guilt beyond a reasonable doubt." Ortiz, 318 F.3d at 1036.

### III. CONCLUSION

Prescott appeals his conviction for two counts of selling a firearm to a felon. Because we conclude that the evidence presented at trial could have led a reasonable trier of fact to conclude, beyond a reasonable doubt, that Prescott knew or had reasonable cause to believe that he was selling firearms to a convicted felon, his conviction is **AFFIRMED.**